## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

TIMOTHY H. WOODS

    27313 Pickett Road
    Elton, LA 70532

    **Plaintiff,**

v.

**RESORT LIFESTYLE
COMMUNITIES, INC.**

    8040 Eiger Drive
    Lincoln, NE 68516
    C/O Registered Agent Solutions, Inc.
    15439 Hickory Blvd.
    Nashville, TN 37211

    **Defendant.**

FILED

2015 SEP 18 PM 3 07

CATHERINE R. QUIST
CIRCUIT COURT CLERK

No. 3-498-15

**JURY DEMANDED**

---

### COMPLAINT

---

Comes now the Plaintiff, Timothy H. Woods, for his cause of action against the Defendant and would respectfully show unto this Honorable Court as follows:

### PARTIES, VENUE, AND JURISDICTION

1.    The Plaintiff is a citizen and resident of Jefferson Davis County, Louisiana, residing at 27313 Pickett Road, Elton, Louisiana 70532.

2.    The Defendant, Resort Lifestyle Communities, Inc. ("Defendant" or "RLC"), is a Nebraska corporation with its principal place of business located at 8040 Eiger Drive, Lincoln, Nebraska 68516. It is a retirement/senior living home that provides gourmet meals to its residents. It has a facility at 271 Moss Grove Blvd., Knoxville, Tennessee 37922. Its agent for

{04253732.DOCX-2}

1

service of process is Registered Agent Solutions, Inc. 15439 Hickory Blvd., Nashville, Tennessee 37211.

3.    This is an action for race discrimination and retaliation arising out of events that occurred at RLC's facility located in Knox County at 271 Moss Grove Blvd., Knoxville, Tennessee 37922. Jurisdiction and venue are proper in Knox County, Tennessee.

## FACTS:

4.    This is an action for discrimination and retaliation arising out of the mistreatment and termination of Plaintiff by the Defendant.

5.    Plaintiff is an African American male.

6.    In June 2014, Plaintiff began working as a Sous Chef for Defendant at 271 Moss Grove Blvd., Knoxville, Tennessee 37922, after being hired by RLC's Executive Chef Daniel Beebe.

7.    Plaintiff performed satisfactory work and was considered for promotion to Executive Chef at RLC.

8.    Although the Caucasian/white chefs at RLC received their uniforms on the first day of their employment, Plaintiff never received a full uniform and had to utilize the old, stained uniforms that he received during his previous job despite Plaintiff's various complaints and requests for a RLC uniform.

9.    On or about September 16, 2014, RLC hosted a party for the residents and asked Plaintiff to wear a bear costume.  When Plaintiff declined, an African American male dishwasher, who is developmentally delayed, wore the costume while the door prize contest winner was instructed to smack the bear on the rear.  Plaintiff found the conduct humiliating and embarrassing to watch.

[04234732.DOCX 2]

2

10.    Plaintiff also began to notice various residents' complaints, improper sanitary and safety conditions, and other discriminatory and sexually inappropriate conduct by management, namely RLC's House Manager Dal Smith.   Plaintiff also had his vehicle vandalized on the premises, and suspected Dal Smith may have been involved.

11.    Plaintiff reported said issues to his immediate supervisor, Georgia Glass in RLC Human Resources and was referred to Jared Beckmann in the RLC Corporate Office in Omaha. On September 19, 2014, Beckman assured Plaintiff that he would face no retaliation for making the reports.

12.    Upon returning to work on the morning of September 22, 2014, Dal Smith and the Executive Chef had a meeting with Plaintiff.   In this meeting, Dal Smith chastised Plaintiff for making reports to the other superiors.   Plaintiff was then written up for being twenty-five minutes late for work on September 14, 2014, which was 8 days prior to the meeting.   Nothing was said to Plaintiff about being late between September 14, 2014 and September 22, 2014, until after he had reported the conduct of Dal Smith.

13.    On or about September 23, 2014, management informed Plaintiff that he was terminated because he was not a "good fit."   Plaintiff never received any termination/separation paperwork.

14.    Plaintiff's former position was filled by a Caucasian employee.

## COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:

## RACE DISCRIMINATION

15.    Plaintiff adopts and incorporates by reference paragraphs 1-14 when appropriate.

16.    The Plaintiff is entitled to recover for racial discrimination pursuant to Title VII of the Civil Rights Act of 1964 because:

{04235732.DOCX:2}

3

(a) the Plaintiff is in a protected class based on his race;

(b) the Plaintiff was qualified for the Sous Chef position that he held at the time of his termination;

(c) the Plaintiff was terminated; and

(d) the Sous Chef position was subsequently filled by a Caucasian employee.

17.    Plaintiff was discriminated against in his employment due to his race.

18.    As a result of Defendant's discrimination against and termination of Plaintiff, Plaintiff suffered monetary and compensatory damages.

19.    Plaintiff has exhausted his administrative remedies by filing a claim with the U.S. Equal Employment Opportunity Commission on or about December 23, 2014 and receiving a Notice of Right to Sue on or about September 11, 2015. (See Notice attached hereto as Exhibit 1).

## COUNT II – TENNESSEE HUMAN RIGHTS ACT: RACE DISCRIMINATION

20.    Plaintiff adopts and incorporates by reference paragraphs 1-19 when appropriate.

21.    The Plaintiff is entitled to recover for racial discrimination pursuant to the Tennessee Human Rights Act, T.C.A. § 4-21-401 et. seq., because:

(a) the Plaintiff is in a protected class based on his race;

(b) the Plaintiff was qualified for the Sous Chef position that he held at the time of his termination;

(c) the Plaintiff was terminated; and

(d) the Sous Chef position was subsequently filled by a Caucasian employee.

22.    Plaintiff was discriminated against in his employment due to his race.

{04235732.DOCX 2}

4

23.     As a result of Defendant's discrimination against and termination of Plaintiff, Plaintiff suffered monetary and compensatory damages.

### COUNT III – TENNESSEE HUMAN RIGHTS ACT; RETALIATION

24.     Plaintiff adopts and incorporates by reference paragraphs 1-23 when appropriate.

25.     The Plaintiff is entitled to recover for retaliation pursuant to the Tennessee Human Rights Act, T.C.A. § 4-21-301 et. seq., because:

   (a) the Plaintiff engaged in a protected activity by reporting discriminatory conduct and other issues to his superiors;

   (b) the Defendant knew that Plaintiff was exercising his protected right to report said conduct and issues;

   (c) the Plaintiff was fired for making said reports; and

   (d) based on the time frame between Plaintiff's reports and his termination date and the insufficient reason why the Plaintiff was fired, there is a causal connection between the protected activity and his termination.

26.     As a result of Defendant's retaliation against Plaintiff, Plaintiff suffered monetary and compensatory damages.

27.     Defendant is liable to Plaintiff for back pay from September 23, 2014 to date and an award of restitution and front pay.

28.     Defendant is also liable for compensatory damages for humiliation, pain and suffering, emotional distress, loss of business opportunity, out-of-pocket expenditures associated with finding new employment.

### COUNT IV – PUNITIVE DAMAGES

29.     Plaintiff adopts and incorporates by reference paragraphs 1-24 when appropriate.

{04235732.DOCX 2}

5

30.    Because RLC's management intentionally and maliciously terminated Plaintiff due to his race and intentionally and maliciously, implemented, condoned, and perpetuated a pattern and practice of retaliation against Plaintiff and discrimination against Plaintiff and other African American employees, Defendant is liable for punitive damages. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992).

WHEREFORE, the Plaintiff prays as follows:

1.    That proper process issue requiring the Defendant to appear and provide an answer to this Complaint;

2.    That a jury be impaneled to try the issues set forth herein;

3.    That the Plaintiff has and may recover for all damages to which he is entitled from the Defendant in an amount to be determined by a jury, not to exceed $250,000.00;

4.    That the Plaintiff has and may recover for punitive damages for Defendant intentional discriminatory conduct in an amount to be determined by the jury;

5.    That the Plaintiff has all other, further and general relief to which he may be entitled.

RESPECTFULLY SUBMITTED, this ___ day of September, 2015.

LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC

BY: _____
BRAD A. FRASER (BPR # 020087)
Attorney for Plaintiff
900 South Gay Street
Suite 1800 – Riverview Tower
Knoxville, TN 37902
(865) 523-0404

{04235732.DOCX 2}

6

## COST BOND

We, the undersigned, acknowledge ourselves as surety for all of the costs of this cause.

This the ⏐𝒫 day of September, 2015.


LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN

BY: _____
BRAD A. FRASER, MEMBER

(04215732.DOCX 2)

7

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

TIMOTHY H. WOODS

    27313 Pickett Road
    Elton, LA 70532

    Plaintiff,

v.

RESORT LIFESTYLE
COMMUNITIES, INC.

    8040 Eiger Drive
    Lincoln, NE 68516
    C/O Registered Agent Solutions, Inc.
    15439 Hickory Blvd.
    Nashville, TN 37211

    Defendant.

FILED

2015 SEP 18 PM 3 07

CATHERINE F. QUIST
CIRCUIT COURT CLERK

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3-498-15

JURY DEMANDED

 ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY:   865 / 215-2497

---

### SUMMONS

---

TO DEFENDANT:  Resort Lifestyle Communities, Inc.
                   c/o Registered Agent Solutions, Inc.
                   15439 Hickory Blvd.
                   Nashville, TN 37211

**COPY**

You are hereby summoned and required to serve upon Brad A. Fraser, of Leitner, Williams, Dooley & Napolitan, PLLC, Plaintiff's attorney, whose address is 900 S. Gay Street, Ste. 1800, Riverview Tower, Knoxville, TN 37902 (856-323-0404), an Answer to the Complaint herewith served upon you within Thirty (30) Days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by Default can be taken against you for the relief demanded in the Complaint.

Issued and tested this ___18___ day of ___September___, 2015.

_____
Clerk

_____
Deputy Clerk

{04249524.DOC}

## NOTICE

To the Defendant:

Tennessee law provides a Four Thousand Dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a Judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have a right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: **Defendant, Resort Lifestyle Communities,** can be served with service of process at the following address: Registered Agent Solutions, Inc., 15439 Hickory Blvd., Nashville, TN 37211

## RETURN

I received this summons on the _____ day of _____, 2015.

I hereby certify and return that on the _____ day of _____, 2015,

I:     [ ]     served this Summons and a Complaint on Defendant in the following manner:
       [ ]     failed to serve this Summons within Thirty (30) Days after its issuance because:

_____

_____
Process Server

{04249524.DOC}



**REGISTERED AGENT**
**S O L U T I O N S   I N C**

Corporate Mailing Address
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASI (7274)

# SERVICE OF PROCESS RECEIPT

9/30/2015

Matthew M. Maude
**RESORT LIFESTYLE COMMUNITIES INC**
8040 Elger Drive
Lincoln, NE 68516 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are
intended to be a confidential communication only to
the individual and/or entity to whom it is addressed.
If you have received this notice in error, immediately
call our SOP Department at (888) 705-7274.

**RE:  RESORT LIFESTYLE COMMUNITIES INC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 9/30/2015 |
| Service Time: | 1:00 PM CST |
| Service Method: | Deputy Sheriff |

**RASI REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0046468 |
| RASI Office: | Tennessee |
| Rec. Int. Id.: | AXS |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | 3-498-15 |
| File Date: | 09/18/2015 |
| Jurisdiction: | KNOX COUNTY CIRCUIT COURT, TENNESSEE |
| Case Title: | TIMOTHY H. WOODS V. RESORT LIFESTYLE COMMUNITIES, INC. |

**ANSWER / APPEARANCE INFORMATION**

30 days                     (Be sure to review the document(s)
                            for any required response dates)

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC |
| Attorney/Contact: | BRAD A. FRASER |
| Location: | Tennessee |
| Telephone No.: | 865-523-0404 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Notice: TO THE DEFENDANT
Demand for Jury Trial
OtherDetail: COST BOND

**ADDITIONAL NOTES**

Questions or Comments... Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process per your default account instructions. RASI offers several methods of notification including Telephone Notification, Email Notification, Online Insta-SOP Delivery, and FedEx/US Postal Service Delivery. If you would like to update your account's default notification methods or view Service of Process information, log into your online account at www.rasi.com.

Thank you for your continued business!